| | | |
|---|---|---|
| TIMOTHY C. CULBERTSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 25-cv-10695 |
| v. | ) | |
| | ) | Judge Franklin U. Valderrama |
| CATHERINE BECK, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Plaintiff Timothy Culbertson is an attorney who represented Defendant Catherine Beck's father and brother in two separate matters. Beck posted a Google review of Culbertson's legal services that, according to Culbertson, were defamatory. Culbertson sued Beck for defamation *per se* and false light in state court. Beck removed the case to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(a). R. 1, Not. of Removal.[1] Before the Court is Beck's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). R. 10, Mot. Dismiss. For the reasons that follow, the motion is granted.

## Background[2]

In April 2021, Culbertson, an attorney, represented Beck's father, Robert Beck, in a suit brought against him regarding the sale of his home (Real Estate Litigation).

---

[1]Citations to the docket are indicated by "R." followed by the docket number and, where necessary, a page or paragraph citation.

[2]The Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in favor of Culbertson. *Platt v. Brown*, 872 F.3d 848, 851 (7th Cir. 2017).

R. 1-1, Compl. ¶ 6; R. 11-1, Exh. A, Real Estate Compl.[3] Robert is diagnosed with dementia. R. 13, Resp. at 9; R. 14, Reply at 4; R. 11-1, Exh. E. The parties settled the Real Estate Litigation. R. 11-1, Exh. B, Real Estate Dismissal Order.

In September 2021, Culbertson represented Beck's brother, Lewis Beck, in a suit to modify a trust of which he was a beneficiary (Trust Litigation). Compl. ¶ 7; R. 11-1, Exh. H, Trust Petition. Lewis is physically disabled due to an accident that resulted in a traumatic brain injury. Resp. at 3; Compl., Exh. A, Review. Beck serves as the "Trust Protector." Review; R. 11-1, Exh. G, Trust Order. As the Trust Protector and person with ultimate authority, Beck refused Lewis's proposed modifications. R. 11, Memo. Dismiss at 3; Trust Petition. Lewis subsequently enlisted Culbertson's legal representation to help him modify the trust agreement. Compl. ¶ 7; Resp. at 3; Trust Petition. Litigation ensued. Compl.

In June 2022, the state court dismissed the Trust Litigation with prejudice. Memo. Dismiss at 3; Trust Order at 5. Culbertson appealed and the Illinois Appellate Court affirmed the dismissal on all counts. Memo. Dismiss at 4. Culbertson certified

---

[3]Beck attaches court documents, including a complaint, motions, court orders, and an appearance form, from both the Real Estate Litigation and the Trust Litigation and asks the Court to take judicial notice of those documents. Memo. Dismiss at 2. In response, Culbertson does not object to the Court's consideration of these documents. *See* Resp. at 2. In fact, Culbertson encourages the Court to do so. *Id.* The Court accepts the parties' invitation and takes judicial notice of the court documents in considering the motion. *See Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012) ("Taking judicial notice of matters of public record need not convert a motion to dismiss into a motion for summary judgment."); *In re Lisse*, 905 F.3d 495, 496 (7th Cir. 2018) (noting that an order entered by a state court is a public record appropriate for judicial notice).

the question to the Illinois Supreme Court, but the court denied certification. *Id.*; Resp. at 3.

In July 2024, Beck posted a review of Culbertson's legal services on Google.com. Compl. ¶ 13 (the Review). The Review was linked to Culbertson's website for his business, https://timculbertson.com/. *Id.* ¶¶ 11–13. Culbertson attached a copy of the Review to the complaint. Review. The Review states:

> Predatory lawyer who sued me to repeatedly try to undo a family members trust, for which I am a trust protector. Even after his bogus case was dismissed with prejudice, he appealed. It was then dismissed by a panel of three judges, all specifying why his attempts were unlawful and he still attempted to bring it to the Illinois Supreme Court (they refused to hear it), seemingly to rack up lawyer fees against an adult traumatic brain injury. He also took advantage of my father with dementia. In both cases, he seemed to be practicing outside of his area of training.
>
> Corrupt.

Review.

The Review also contains a photo of portions of the Illinois Appellate Court's decision in Lewis's case, which highlights the phrase, "[m]oreover, even if Respondent had consented to the proposed modification and we applied a section 411(b) analysis, petitioner would still not be allowed to make the proposed modification." Review.

Culbertson sued Beck in state court, asserting state law claims for defamation *per se* (Count I) and false light invasion of privacy (Count II). Compl. Beck, in turn, removed the case to the Court based on diversity of citizenship. R. 1, Notice of Removal. Beck moves to dismiss the complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) for failure to state a claim. Mot. Dismiss. The fully briefed motion is before the Court.

## Legal Standard

A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint. *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint need only contain factual allegations, accepted as true, sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The allegations that are entitled to the assumption of truth are those that are factual, rather than mere legal conclusions. *Iqbal*, 556 U.S. at 678–79.

## Analysis

Before tackling the merits of the motion, the Court first addresses Beck's contention that Culbertson has improperly added new factual allegations in his Response, specifically that: Culbertson went to law school and had "30 years of legal and litigation experience"; Beck's brother, Lewis, "is not mentally disabled"; and

4

Lewis felt strongly enough about the Trust Litigation to ask the Illinois Supreme Court to take the case. Reply at 2–3 (citing Resp. at 3). Beck asserts that these new allegations amount to additional claims, and thus, the Court cannot consider them. *Id.*

"[D]istrict courts retain discretion to interpret new factual allegations or claims presented in a plaintiff's briefs as a constructive motion to amend." *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 489 (7th Cir. 2023). However, the Seventh Circuit has explained, "[i]t [is] rarely [ ] appropriate to do so." *Id.* at 490. Here, the Court agrees with Beck that the above-referenced allegations are new factual allegations. Yet, in his response, Culbertson does not state that he is seeking leave to amend his complaint or address why it would be appropriate for the Court to consider the new allegations. The Court will not do the work for Culbertson. *See Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments, and conclusory analysis will be construed as waiver.") (cleaned up).[4] Therefore, the Court will not consider the new allegations.

The Court having addressed this preliminary matter, moves onto the merits of the motion.

---

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

## I.  Defamation *Per Se* (Count I)

In Count I, Culbertson asserts a claim for defamation *per se*. Compl. ¶¶ 11–23. Culbertson alleges that Beck's internet post was false and defamatory conduct, in that Beck published the following statements: (1) Culbertson "abused his relationship with an adult disabled person for personal gain relating to a lawsuit in which [Beck] was a litigant" (Abused Relationship Statement); (2) Culbertson "abused and took advantage of [Beck's] elderly father for financial gain in a lawsuit in which [Culbertson] was representing [Beck's] father" (Took Advantage Statement); (3) Culbertson "lacked the ability to effectively represent his clients" (Lacked Ability Statement); and (4) "Culbertson was 'corrupt'" (Corrupt Statement). Compl. ¶ 14. Culbertson alleges that Beck's actions were done with actual malice and portrayed Culbertson as a criminal and as someone who lacked integrity in his business activities. *Id.* ¶ 17.

Illinois law[5] defines defamation as "the publication of a false statement that 'tends to harm a person's reputation to the extent that it lowers that person in the eyes of the community or deters others from associating with that person.'" *Lott v. Levitt*, 556 F.3d 564, 568 (7th Cir. 2009) (quoting *Tuite v. Corbitt*, 866 N.E.2d 114, 121 (Ill. 2006)). To state a claim for defamation, a plaintiff must allege that "the defendant made a false statement about the plaintiff, the defendant made an unprivileged publication of that statement to a third party, and that this publication

---

[5]Where federal jurisdiction is based on diversity of citizenship, courts apply the substantive law of the forum state. *See Dunn v. Menard, Inc.*, 880 F.3d 899, 905 (7th Cir. 2018); *see also Sosa v. Onfido, Inc.*, 8 F.4th 631, 637 (7th Cir. 2021). Neither party argues that Illinois law should not apply. *See* Memo. Dismiss; Resp.

caused damages." *Solaia Tech., LLC v. Specialty Publ. Co.*, 852 N.E.2d 825, 839 (Ill. 2006). "Illinois recognizes two types of defamation: defamation *per se* and defamation *per quod*." *Giant Screen Sports v. Canadian Imperial Bank of Commerce*, 553 F.3d 527, 532 (7th Cir. 2009). "If a statement's 'defamatory character is obvious and apparent on its face,' it is considered defamation *per se*, with the law then presuming damages." *Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 831–32 (7th Cir. 2019) (quoting *Tuite*, 866 N.E.2d at 121). Defamation *per quod*, on the other hand, "requires a plaintiff to show that the false statement caused him harm." *Pippen v. NBCUniversal Media, LLC,* 734 F.3d 610, 612–13 (7th Cir. 2013). Culbertson asserts a claim for defamation *per se*.

Illinois law recognizes five categories of statements that are defamatory *per se*: (1) those imputing the commission of a criminal offense; (2) those imputing infection with a loathsome communicable disease; (3) those imputing an inability to perform or want of integrity in the discharge of duties of office or employment; (4) those that prejudice a party, or impute lack of ability, in his or her trade, profession or business; and (5) those imputing adultery or fornication. *Green v. Rogers*, 917 N.E.2d 450, 459 (Ill. 2009). Here, although not specifically stated by Culbertson, the Review implicates the fourth category—prejudice to a person in his profession.

Beck argues that Culbertson's defamation claim should be dismissed because (1) Culbertson fails to allege the defamatory statements verbatim and (2) the Review contains only constitutionally protected opinions. Memo. Dismiss at 6–10. The Court addresses each in turn.

### A. Pleading a Defamatory Statement Verbatim

Beck contends that Culbertson fails to state a claim because the defamatory words alleged in the complaint do not appear within the Review. Memo. Dismiss at 6 (citing *Tuite*, 866 N.E.2d at 126). The way Beck sees it, "[w]hen the alleged defamatory meaning depends on inferences beyond the text, the claim fails." *Id.* Culbertson failed to address this argument, so any response is waived. *See In re GT Automation Grp., Inc.*, 828 F.3d 602, 605 (7th Cir. 2016) ("An argument not responded to is ordinarily deemed waived."). No matter, the Court must still determine whether Beck's argument warrants dismissal.

A complaint for defamation must identify the specific defamatory statements alleged by the plaintiff. *See Green*, 917 N.E.2d at 459. However, a complaint for defamation *per se* is not required to set forth the allegedly defamatory words verbatim. *Id.* Notably, Beck fails to cite any authority in support of her contrary argument. As such, this unsupported and underdeveloped argument is waived. *Lewis v. Mills*, 677 F.3d 324, 332 (7th Cir. 2012) ("Unsupported and underdeveloped arguments are waived."). Waiver aside, the Court finds the law does not support Beck's argument on this point. A complaint is generally sufficient if the substance of the alleged defamatory statement is "pled with sufficient precision and particularity so as to permit initial judicial review of its defamatory content." *Green*, 917 N.E.2d at 459 (cleaned up). "A claim in federal court for defamation *per se* is held to 'the usual rules for notice pleading established by Rule 8.'" *Maui Jim, Inc., v. SmartBuy Guru Enters*, 386 F. Supp. 3d 926, 941 (N.D. Ill. 2019) (quoting *Muzikowski v. Paramount*

*Pictures Corp.*, 322 F.3d 918, 926 (7th Cir. 2003)). That is, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* (cleaned up).

Here, the Court finds that the complaint does so. Culbertson paraphrases the alleged defamatory statements in the complaint and attaches the Review. The attached Review provides the Court and Beck with the allegedly defamatory words verbatim. As such, Beck is given fair notice of precisely which statements Culbertson's claim is based upon. Because the defamatory statements are provided verbatim, the Court relies on the actual words appearing in the Review when considering Beck's motion. Accordingly, Culbertson's paraphrasing of the Review within the complaint does not warrant dismissal.

### B. Non-Actionable Opinion

Next, Beck argues that the complaint fails to state a claim for defamation because the statements reflect non-actionable opinions. Memo. Dismiss at 7.

"Opinions that do not misstate actual facts are protected by the First Amendment and thus non-actionable." *Huon v. Denton*, 841 F.3d 733, 743 (7th Cir. 2016). "Whether a statement is an opinion or a fact is a question of law." *Moriarty v. Greene*, 732 N.E.2d 730, 740 (Ill. App. Ct. 2000). In determining whether a statement is one of opinion or fact, Illinois law "draws no firm dividing line." *Bd. of Forensic Document Examiners, Inc. v. Am. Bar Ass'n*, 922 F.3d 827, 832 (7th Cir. 2019). To assist in that endeavor, "courts consider whether the statement has a precise and readily understood meaning; whether the statement is verifiable; and whether the

statement's literary or social context signals that it has factual content." *Id.* (cleaned up). "The test is restrictive: a defamatory statement is constitutionally protected only if it cannot be reasonably interpreted as stating an actual fact." *Solaia Tech.*, 852 N.E.2d at 840. As the Seventh Circuit has explained, "[c]ontext is key, as it matters not only what was said, but who said it, where it was said, and the broader setting of the challenged statements." *Bd. of Forensic Document Examiners*, 922 F.3d at 832. If a statement implies a specific, false factual claim, it can be defamatory regardless of whether it is "couched" in prefatory language.[6] *Milkovich v. Lorain J. Co.*, 497 U.S. 1, 19 (1990); *Republic Tobacco Co. v. N. Atl. Trading Co.,* 381 F.3d 717, 727 (7th Cir. 2004). The Court now turns to the four alleged defamatory statements.

### 1. The Abused Relationship Statement

Culbertson claims that Beck published a statement that Culbertson "abused his relationship with an adult disabled person for personal gain relating to a lawsuit in which Defendant was a litigant." Compl. ¶ 14(a). Before the Court analyzes the parties' respective arguments, the Court pauses to clarify that, as previously stated, the Court considers the actual text where available. The statement at issue is:

> Predatory lawyer who sued me to repeatedly try to undo a family member's trust, for which I am a trust protector. Even after his bogus case was dismissed with prejudice, he appealed. It was then dismissed by a panel of three judges, all specifying why his attempts were unlawful and he still attempted to bring it to the Illinois Supreme Court (they refused to hear it), seemingly to rack up lawyer fees against an adult traumatic brain injury.

Review.

---

[6]Prefatory language refers to introductory or framing phrases like "in my opinion," "in my view," or "I believe." See *Republic Tobacco Co.*, 381 F.3d at 727 (explaining defenses that may shield a defendant from liability.).

Beck argues that the Abused Relationship Statement represents "criticism of Culbertson's litigation tactics, not factual assertions that can be proven true or false." Memo. Dismiss at 8. Beck further contends that her expressions of opinion are nonactionable because the Review discloses the underlying factual basis for those opinions. Memo. Dismiss at 8 (citing, *inter alia*, *Black v. Wrigley*, 2017 WL 8186996, at \*2 (N.D. Ill. Dec. 8, 2017)).

Predictably, Culbertson disagrees that Beck's online post was constitutionally protected. Culbertson accurately points out that a statement framed as an opinion *may* still be actionable where it reasonably implies the assertion of objective facts (citing *Milkovich,* 497 U.S. at 18–19).[7] Resp. at 8. Such is the case here, contends Culbertson. Culbertson maintains that the "narrative posture" behind each challenged statement "invites readers to believe the statements are factual recitations," "not loose rhetorical comment." Resp. at 9–11. Specifically, Culbertson argues that the Abused Relationship Statement "impl[ies] a violation of Illinois Rule of Professional Conduct 1.14." *Id.* at 9.

For starters, the Court agrees with Beck that the Abused Relationship Statement is a nonactionable opinion, for three reasons: it rests on disclosed facts;

---

[7]Although, as stated above, the Court agrees with this proposition of law, the Court notes that other cases cited by Culbertson are either misstated, inapplicable or, at times, favorable to Beck. Resp. at 11; *Imperial Apparel, Ltd. v. Cosmo's Designer Direct, Inc.*, 882 N.E.2d 1011, 1015–16, 0124 (Ill. 2008) (holding that an advertisement, which accused the plaintiff of "inflat[ing] prices and compromis[ing] quality" among being "a hooker's come on," was a nonactionable opinion because "no reasonable person would regard [the statements] as anything other than colorful hyperbole."); *Solaia Tech.*, 852 N.E.2d at 841 (holding that the phrase "deeply greedy people" is not verifiable, but that a letter describing a patent's purpose, narrowness, and "worthlessness" was verifiable because "the letter not only places a value on the patent, but bases this value on an informed reading . . . by [an] industry veteran").

the characterizations of those facts are incapable of being proven true or false; and the surrounding context of the Review denotes opinion. Opinions that rest on fully disclosed, true facts are generally constitutionally protected. *Hadley v. Doe*, 12 N.E.3d 75, 91 (Ill. App. Ct. 2014) *affd,* 34 N.E.3d 549 (Ill. 2015) ("When the facts underlying a statement of opinion are disclosed, readers will understand that they are getting the author's interpretation of those facts."). Here, Beck disclosed the underlying facts, namely Culbertson's representation of her family members, Lewis's health condition, the course of the Trust Litigation and a portion of the actual Illinois Appellate Court opinion.[8] In doing so, Beck makes it clear that she was merely expressing her interpretation of those facts, as discussed below.

Next, the non-factual aspects of Beck's statement are loose, hyperbolic language that cannot be proven true or false. Describing Culbertson as a "predatory lawyer" and his filings as "bogus" is precisely the loose, hyperbolic language that would negate the impression of fact. *Cf. Hopewell v. Vitullo,* 701 N.E.2d 99, 104 (Ill.App. Ct. 1998) ("'[I]ncompetent' is an easily understood term, [but] its broad scope renders it lacking the necessary detail for it to have a precise and readily understood meaning."); *see also L. Offs. of David Freydin, P.C. v. Chamara*, 24 F.4th 1122, 1132 (7th Cir. 2022) (review calling lawyer "unethical" was a non-actionable expression of an opinion based on the context of the review). Neither "predatory lawyer" nor "bogus" has a precise, verifiable meaning. The phrase "seemingly to rack up lawyer fees" is similarly not verifiable. The word "seemingly" signals Beck's perception, whereas "to

---

[8]Culbertson also disputes that Lewis is mentally disabled, but the Review does not assert that Lewis is mentally disabled. Therefore, the Court declines to address this argument.

rack up lawyer fees" goes to what Beck believed Culbertson's motive to be. These statements are not verifiable because a reader cannot test Beck's perception or Culbertson's subjective billing motive against any ascertainable fact.

The Court also disagrees with Culbertson that the Abused Relationship Statement *implies* a violation of Illinois Rule of Professional Conduct 1.14. Even assuming the Court found the statement to be verifiable, Rule 1.14 is inapplicable. Rule 1.14 governs a lawyer's duties in maintaining, as far as reasonably possible, a normal client-lawyer relationship with a client whose capacity is diminished. Ill. R. Prof'l Conduct 1.14. Under Rule 1.14, a lawyer may take reasonably necessary protective action to address the risk of substantial physical, financial, or other harm, but is not required to. *Id*. A lawyer may also reveal certain information about the client, provided they see it to be reasonably necessary to protect the client's interests. *Id*. The Review does not suggest that Culbertson disregarded a client's instructions, breached a client's confidence, or took unnecessary or unauthorized protective action. Rule 1.14 is therefore inapplicable, and Culbertson's argument again fails.[9]

Finally, the statement's literary and social context suggests that the Review, and all statements therein, are opinion.[10] The alleged defamatory statements appear under Culbertson's website as a Google Review. Google Reviews function as a public

---

[9]Culbertson also argues that the Took Advantage Allegation implies a violation of Rule of Professional Conduct 1.14. For the same reasons discussed here, Rule 1.14 inapplicable to each of the four alleged defamatory statements.

[10]The Court's analysis of the literary and social context is applicable to each allegation. However, for the sake of brevity, the Court addresses this factor here only.

forum where community members can rate and provide feedback on a business's products or services. Anyone with a Google account can post a review, and they do not need specialized expertise or a formal connection to the business to do so. As such, the public would most likely understand Beck's statement as an opinion versus ascertainable fact. *See L. Offs. of David Freydin, P.C.,* 24 F.4th at 1130 ("The defendants posted their reviews on [the plaintiff's] Law Office's Facebook, Yelp, and Google pages, which invite unfiltered comments. We trust that readers of online reviews are skeptical about what they read, both positive and negative.").

Accordingly, the Court finds that the Abused Relationship Statement is a nonactionable opinion and thus does not support a claim for defamation *per se.*

### 2. The Took Advantage Statement

Second, Culbertson claims that Beck published a statement that Culbertson "abused and took advantage of her elderly father for financial gain in a lawsuit in which [Culbertson] was representing the father" (Took Advantage Statement). Compl. ¶ 14(b). The actual statement, verbatim, reads: "he also took advantage of my father with dementia." Review. The Review nowhere states that Culbertson "abused" Beck's father. *Id.*

As to the Took Advantage Statement, Beck argues that the "phrase 'took advantage' is inherently subjective, conveying moral disapproval but not alleging a specific provable act." Memo. Dismiss at 9 (citing *Ludlow v. Northwestern University,* 79 F. Supp. 3d 824, 840–41 (N.D. Ill. 2015) (holding that whether a relationship was "deeply inappropriate" is "not verifiable in the way that an individual's competence

14

can be measured against workplace awards or acts against women could be verified with the women themselves."); *Brown v. Montgomery,* 2024 WL 1243669, at \*10 (N.D. Ill. Mar. 22, 2024) (finding that "the unadorned statement that Brown took advantage of Hamilton is a protected statement of opinion because it does not have a precise and readily understood meaning, nor is it objectively verifiable . . . Absent a specific factual context, there is no objective way of knowing whether Brown took advantage of Hamilton and the statement is instead purely an expression of opinion regarding their business relationship.") (cleaned up)).

Beck further maintains that, read in context, this statement represents Beck's personal judgement about how Culbertson handled her father's case. *Id.* Culbertson disagrees, insisting that this statement is a verifiable allegation of "professional dishonesty and moral exploitation" that is capable of being proven true or false. Resp. at 9. Notably, Culbertson does not cite any authority for this argument, and thus has waived it. *See Lewis v. Mills*, 677 F.3d 324, 332 (7th Cir. 2012) ("Unsupported and underdeveloped arguments are waived.") (cleaned up). No matter, as the Court finds that Beck has the better of the argument.

As an initial matter, it is undisputed that Beck's father, Robert, has dementia. What the parties dispute is whether the phrase "took advantage" amounts to a verifiable, false assertion of fact. Statements are not capable of objective verification, and therefore cannot support a defamation claim, if they require interpretation of inherently subjective, context-dependent judgments rather than the measurement of verifiable, concrete facts. *See L. Offs. of David Freydin, P.C.*, 24 F.4th at 1129–30.

The Court agrees that the statement cannot be objectively verified as true or false, as the statements in the Review do not allow a third-party observer to gauge whether Culbertson took advantage of Beck's father. *Id.* at 1130.

In short, the Court finds that the Took Advantage Statement is a nonactionable opinion. Here, the Review does not provide any specific details as to how Culbertson may have taken advantage of Beck's father. Instead, the Review primarily contains details regarding the Trust Litigation. In short, looking at the Review, a reasonable person could not determine what exactly Beck means by "took advantage."

### 3. The Lacked Ability Statement

Culbertson claims that Beck published a statement that Culbertson "lacked the ability to effectively represent his clients" (Lacked Ability Statement). Compl. ¶ 14©. The actual statement, verbatim, reads: "In both cases, he seemed to be practicing outside of his area of training." Review.

Beck maintains that the Lacked Ability Statement is not actionable because it is an opinion based on Beck's assessment of a professional's "apparent unfamiliarity with a particular area of law." Memo. Dismiss at 9. Beck focuses on the word "seemed," explaining that it indicates perception of undisputed facts. *Id.* Culbertson counters that the statement is a false assertion of fact, which represents an attack on his professional reputation. Resp. at 10. From Culbertson's perspective, "couching" verifiable factual allegations in "qualifying language such as 'I think' or 'it seems' does not immunize them." *Id.* at 8.

Again, the Court agrees with Beck. The Lacked Ability Statement falls within the bounds of constitutionally protected opinion because it is clearly based on Beck's view of the disclosed facts. The phrase, "he seemed" indicates that Beck *believed* Culbertson may be practicing outside of his practice area but does not go so far as to represent a false assertion of fact. Moreover, the statement does not obviously imply a lack of integrity or professional misconduct, but more generally asserts that Beck perceived Culbertson to be inexperienced in a particular legal area. Indeed, lawyers are expected to be competent in their representation, but it is not professional misconduct to simply be unfamiliar or new to a particular area of law.

And, although Culbertson is correct that couching factual assertions in prefatory language does not automatically immunize a claim, he again fails to recognize that an opinion based on fully disclosed facts is constitutionally protected and cannot support a defamation claim. *See Black,* 2017 WL 8186996, at *7 (quoting *Hadley*, 12 N.E.3d at 91); *Milkovich,* 497 U.S. at 21. In this case, the Review disclosed the facts underlying Beck's statement that Culbertson "seemed to be practicing outside of his area of training." Review. That is, Beck recounts the Trust Litigation, explaining that the state court dismissed the case with prejudice, the Illinois Appellate Court affirmed, and the Illinois Supreme Court denied leave to appeal. *Id.* Beck also attaches an image of a portion of the Illinois Appellate Court's opinion to the Review, which discusses why Culbertson's claim on behalf of Lewis failed. *Id.* In doing so, Beck makes clear to a reasonable reader that her opinion is based on these disclosed facts.

As such, the Court finds that the Lacked Ability Statement is also a nonactionable opinion, and thus does not constitute a claim for defamation *per se.*

### 4. The Corrupt Statement

Finally, Culbertson claims that Beck published a statement that Culbertson "was corrupt" (Corrupt Statement). Compl. ¶ 14(d). The actual statement, verbatim, reads: "[c]orrupt." Review.

Beck argues that the statement "corrupt" is non-verifiable and hyperbolic, and therefore is nonactionable. Memo. Dismiss at 10. Culbertson has waived any argument on this point by failing to meaningfully respond to it. *See In re GT Automation Grp.*, 828 F.3d at 605; *see also White v. Richert*, 2019 WL 4062539, at *9 (N.D. Ill. Aug. 28, 2019) (citing *Pelfrense v. Vill. of Williams Bay*, 917 F.2d 1017, 1023 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. We will not do his research for him.")).

Waiver aside, Court agrees with Beck that the statement, "corrupt," is a nonactionable opinion. Indeed, as Beck points out, courts have repeatedly found that holding that a description of a plaintiff as "corrupt" does not have a "precise and readily understood meaning." Memo. Dismiss at 10 (citing, *inter alia*, *Coghlan v. Beck,* 984 N.E.2d 132, 149 (Ill. App. Ct. 2013); *Brown*, 2024 WL 1243669, at *11 n.11 (statements that conduct was highly suspect and "certainly not within the spirit of the ethical rules" and that plaintiff "mismanaged monies she unethically

took/accepted" were non-actionable statements of "interpretation and subjective views" based on undisputed facts). As Beck highlights, in *Coghlan*, the court held that the term "corrupt director" "amounts to loose, figurative language" because "[w]hat constitutes corruption, . . . [varies] widely from one person to another." 984 N.E.2d at 148. The same reasoning applies to this case. Accordingly, the Court finds that the Corrupt Statement is also a nonactionable opinion, and thus does not constitute a claim for defamation *per se*.

Viewing the allegations of Culbertson's complaint in the light most favorable to Culbertson, the Court finds that Culbertson fails to sufficiently allege a defamation claim and grants Beck's motion to dismiss Count I.

### III. False Light Invasion of Privacy Claim

Finally, the Court addresses Culbertson's false light invasion of privacy claim. To plead a false light invasion of privacy claim, Culbertson must allege: that Beck placed Culbertson in a false light before the public; the false light in which Culbertson was placed would be highly offensive to a reasonable person; and Beck acted with actual malice. *Dubinsky v. United Airlines Master Exec. Council*, 708 N.E.2d 441, 451 (Ill. App. Ct. 1999). Actual malice means that Beck made false statements "with knowledge that the statements were false or with reckless disregard for whether the statements were true or false." *Id.*

Under Illinois law, the defense of opinion applies equally to defamation and false light claims. *Intercon Sols., Inc. v. Basel Action Network,* 969 F. Supp. 2d 1026, 1058 (N.D. Ill. 2013), (cleaned up). Therefore, "[w]here an 'unsuccessful

defamation *per se* claim is the basis of [a] false-light claim, [the] false-light invasion of privacy claim fails as well.'" *Osundairo v. Glandian*, 591 F. Supp. 3d 353, 357 (N.D. Ill. 2022) (quoting *Seith v. Chicago Sun-Times, Inc.*, 861 N.E.2d 1117, 1130 (Ill. App. Ct. 2007)). Such as the case here.

Here, Beck argues that Culbertson's false light claim fails because the Review consists of only constitutionally protected opinions and substantially true facts. Memo. Dismiss at 10. Therefore, for the same reasons discussed above, the Court finds that Culbertson fails to sufficiently allege a false light invasion of privacy claim, as Culbertson's bases his claim on constitutionally protected opinions.

In light of the foregoing, the Court need not address Beck's argument that Culbertson fails to state a false light claim because he does not allege actual malice. *Id.*

### Conclusion

For the reasons set forth above, the Court grants Beck's motion to dismiss the complaint [10]. The dismissal is with prejudice, as Culbertson did not request leave to amend or suggest how he could cure the defects in his complaint. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, nor in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects. To the contrary, we have held that courts are within their discretion to dismiss with prejudice where a party does not make such a request or showing."); *see also L. Offs. of David Freydin, P.C.*, 24 F.4th at 1133–34 (affirming

district court's denial of leave to amend where plaintiffs did not show how "they could amend their complaint to cure its deficiencies"). This civil case is terminated.

Date: July 10, 2026

ENTER:

FRANKLIN U. VALDERRAMA
DISTRICT COURT JUDGE
United States District Court
Northern District of Illinois